NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251187-U

NO. 4-25-1187

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 9, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF CRONE | ) | Appeal from the |
| | ) | Circuit Court of |
| (Rebecca Crone, | ) | Jersey County |
|    Petitioner-Appellant, | ) | No. 24DN18 |
|    and | ) | |
| Mark Crone, | ) | Honorable |
|    Respondent-Appellee). | ) | Allison S. Lorton, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Zenoff and Grischow concurred in the judgment.

**ORDER**

¶ 1  *Held*: The circuit court properly denied petitioner's post-judgment motion seeking turnover of certain items of personal property, and the court lacks jurisdiction to hear issues pertaining to the original judgment of dissolution.

¶ 2  As part of the judgment dissolving their marriage, petitioner Rebecca Crone and respondent Mark Crone entered into a marital settlement agreement dividing personal property between them. Petitioner subsequently filed a motion seeking the return of the parties' photo albums and several other items of personal property. The circuit court granted the motion in part, but it denied the relief at issue here. Petitioner now appeals. We affirm in part and dismiss in part.

¶ 3          I. BACKGROUND

¶ 4  On August 14, 2025, the circuit court entered a judgment of dissolution of the parties' marriage and incorporated by reference their marital settlement agreement, the terms of which the court found were not unconscionable. Some photographic items were addressed in

paragraph 12 of the agreement:

> "Wife shall give Husband all of the negatives of photos, storage disks, VHS tapes and/or digital images of their family pictures and events, within 21 days of entry of the Judgment of Dissolution of Marriage, so Husband may have copies made at his expense. Husband shall return the aforementioned items to Wife as soon as copies are made."

¶ 5     Within 30 days of the judgment, petitioner filed a motion asking the circuit court to enforce it by compelling the turnover of the photo albums, a shelf, a filing cabinet, and a chair.

¶ 6     Following a hearing, the circuit court set new deadlines for respondent to copy certain listed photographic items and return the originals to petitioner. With respect to the photo albums, however, the court found that they were not specifically allocated in the marital settlement agreement. Consequently, the court decided that the most equitable approach was to split them evenly between the parties. The court ordered that respondent deliver to petitioner (1) one-half of the photo albums and (2) duplicates of all negatives and videos as set forth in the marital settlement agreement, including all accompanying notations and records. The court found it had no basis to modify the marital settlement agreement as it related to the shelf, chair, and filing cabinet, so it denied the balance of petitioner's motion.

¶ 7     This appeal followed.

¶ 8                                 II. ANALYSIS

¶ 9     The arguments on appeal center on the circuit court's interpretation of the marital settlement agreement and whether the court misinformed petitioner and advised her to enter into an unconscionable marital settlement agreement.

¶ 10               A. Interpretation of the Marital Settlement Agreement

¶ 11         Petitioner argues that the circuit court incorrectly interpreted the marital settlement agreement by awarding her only one-half of the parties' photo albums and by not ordering the return of other personal property, including a filing cabinet and craft chair. The marital settlement agreement provisions cited above specify, by clear inference, that the following original photographic materials are allocated to petitioner: negatives of photos; storage discs (which would presumably extend to digital photographs and video stored in that medium); VHS video tapes; and "digital images of [the parties'] pictures and events." We note that the court's order regarding the exchange of video and photographic material *other than* original photographs and albums does not appear to be in dispute.

¶ 12         We agree with the circuit court that the marital settlement agreement does not specifically address which party is entitled to receive the photo albums and original photographs contained in those albums, as these items do not fit within the scope of the provisions discussed above. With the agreement not speaking directly to the distribution of such property, it appears that the court acted within its sound discretion to "make such judgments affecting the marital property as may be just." 750 ILCS 5/503(i) (West 2024). The court acted to provide each party with access to at least copies of all of the photographic material, while also giving each ownership of an equal share of the originals.

¶ 13         A circuit court's order concerning the distribution of marital property will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Heroy*, 385 Ill. App. 3d 640, 661 (2008). We find the court's distribution of the original photographs and albums at issue was well within its discretion, so we reject petitioner's contention on this point.

¶ 14         Turning to the other personal property at issue—"one file drawer, one letter drawer, small metal filing cabinet and black wooden kitchen chair"—the marital settlement agreement

clearly states that petitioner was awarded only the furniture and household items specifically mentioned in paragraph 12. The other items sought by petitioner were not specifically mentioned, nor were they moved to petitioner's residence or storage in accordance with other portions of the agreement. The circuit court properly determined that it did not "have any grounds to modify" the marital settlement agreement to award those items to petitioner. See *In re Marriage of McLauchlan*, 2012 IL App (1st) 102114, ¶ 21. We reject petitioner's contention that the circuit court abused its discretion in declining to order this property turned over to her.

¶ 15                    B. Unconscionability of Marital Settlement Agreement

¶ 16        Petitioner's next argument on appeal is that the circuit court misapplied the law and advised her during a settlement conference to enter into an unconscionable marital settlement agreement. Before we reach the merits of this argument, we must address a jurisdictional issue. See *People v. Ratliff*, 2024 IL 129356, ¶ 15 ("[A] reviewing court has an independent duty to consider *sua sponte* issues of jurisdiction.").

¶ 17        A notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). Filing of the notice of appeal " 'is the jurisdictional step which initiates appellate review.' " *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)). The notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal. *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). Without a properly filed notice of appeal, the appellate court lacks jurisdiction over the matter and is compelled to dismiss the appeal. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (citing *Smith*, 228 Ill. 2d at 104). "The purpose of the notice of appeal is to inform the prevailing party that the other party seeks review of the [circuit]

court's decision." *Lewis*, 234 Ill. 2d at 37.

¶ 18 Petitioner's notice of appeal, no matter how generously interpreted, cannot be said to fairly and adequately state that she was appealing the terms of the *original* judgment of dissolution. The notice only mentions the circuit court's order regarding the motion to enforce. This is more than a mere defect in form, as the notice fails to apprise respondent of the full extent of petitioner's appeal. Because petitioner's notice of appeal fails to confer on us jurisdiction to hear her contention that the court erred in connection with the final judgment, we dismiss her appeal as to that order and the matters which preceded it.

¶ 19                                   III. CONCLUSION

¶ 20 For the reasons stated, we affirm the circuit court's decision denying petitioner's post-judgment motion to compel turnover of the photo albums and other personal property. We dismiss that part of her appeal seeking review of the original judgment.

¶ 21 Affirmed in part and dismissed in part.